UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC., | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) COMPLAINT FOR INJUNCTIVE ) RELIEF AND DAMAGES ) |
| SUMMER HOUSE LLC, | ) ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

Plaintiff Lettuce Entertain You Enterprises, Inc. files this Complaint for damages and injunctive relief against Defendant Summer House LLC and in support thereof states as follows:

### PARTIES

1. Plaintiff Lettuce Entertain You Enterprises, Inc. ("LEYE") is a corporation organized under the laws of the state of Illinois with a place of business at 5419 N. Sheridan Road, Chicago, Illinois 60640.

2. Defendant Summer House LLC is a limited liability company organized under the laws of the state of Ohio, with its principal place of business at 18605 Detroit Avenue, Lakewood Ohio, 44107.

### JURISDICTION AND VENUE

3. LEYE brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a) and 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. §

1

1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorneys' Fees and Treble Damages); and Ohio Statutory and Common Law.

4. This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over the Ohio Statutory and Common Law causes of action pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendant because Defendant is a resident of the state of Ohio.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this judicial district and because a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE ACTION

7. LEYE brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its well-known SUMMER HOUSE SANTA MONICA trademark and brand. LEYE has used its SUMMER HOUSE SANTA MONICA trademark since at least as early as November 2013 in connection with its exceedingly popular restaurants and bars. As described more fully herein, without LEYE's authorization or consent and with full knowledge and willful disregard of LEYE's prior rights in its federally-registered SUMMER HOUSE SANTA MONICA trademark, Defendant adopted and recently began using the SUMMER HOUSE trademark in connection with its restaurant and bar located in Lakewood, Ohio. Defendant has therefore created circumstances whereby members of the trade and public are likely to be led to incorrectly believe that Defendant and its SUMMER HOUSE restaurant is

2

authorized by, sponsored by, or affiliated or connected with LEYE and its well-known SUMMER HOUSE SANTA MONICA trademark and services.

## COMMON ALLEGATIONS

### LEYE and its SUMMER HOUSE SANTA MONICA rights and restaurants

8. LEYE was founded in 1971 with a vision for providing individuals across the country with unique and healthy, quality food. Since its creation almost 50 years ago, and as a result of its efforts to continually expand, develop and refine its restaurant and bar concepts, LEYE has become known as one of the most innovative restaurant companies in the country.

9. Today, LEYE owns, licenses, or operates more than 120 restaurants across the United States, including in California, Illinois, Maryland, Minnesota, Nevada, Virginia, Texas, and Washington, D.C.. LEYE continues to expand its food and beverage offerings in key locations across the country, including Denver International Airport, Reagan Washington National Airport and O'Hare International Airport, further developing and building upon its already national reputation.

10. LEYE's traditional and on-line restaurants currently include Aba, Antico Posto, Beatrix, Beatrix Market, Ben Pao, Big Bowl, Big Bowl Chinese Express, Big City Chicken, Bill's Original Tavern Pizza, B Square Pizza, Bub City, Café Ba-Ba-Reeba!, Community Canteen, Crab Cellar, Di Pescara, Eiffel Tower, El Segundo Sol, ēma, Frankie's by the Slice, Gin & Juice, Hub 51, IL Porcellino, Joe's Live, Joe's Seafood, Prime Steak & Stone Crab, L. Woods, Lettuce at Navy Pier, Lil' Ba-Ba-Reeba!, Maggiano's Little Italy, M Burger, Mon Ami Gabi, Naoki Sushi, Osteria Via Stato, Padma's Curry Leaf, Pizzeria Portofino, Pizzeria Via Stato, Quality Crab & Oyster Bah, Ramen-San, R.J. Grunts, Rotisserie Ema, RPM Events, RPM Italian, RPM Steak, RPM Seafood, Saranello's, Seasides, Shaw's Crab House, Stella Barra Pizzeria & Wine Bar,

Stripburger and Chicken, Sub 51, Sushi-San, Tallboy Taco, Three Dots and a Dash, Tokio Pub, Twin City Grill, Vong's Thai Kitchen, Whole30 Delivered, Wildfire and Wow Bao. LEYE and its restaurants offer a broad range of high-quality food and drink items for dine-in, take-out, delivery or catering – all as part of its restaurants' restaurant services and bar services.

11. In addition to the foregoing restaurants, LEYE also owns and operates restaurants and bars under the name SUMMER HOUSE SANTA MONICA. In 2013, LEYE opened its first SUMMER HOUSE SANTA MONICA restaurant in Chicago, Illinois. Thereafter, LEYE opened two more SUMMER HOUSE SANTA MONICA restaurants – one in Bethesda, Maryland (2015), and another at Chicago O'Hare International Airport (2016).

12. To protect its significant rights in its SUMMER HOUSE SANTA MONICA trademark, LEYE obtained a trademark registration for SUMMER HOUSE SANTA MONICA for use in connection with restaurant and bar services, which issued on August 12, 2014 as U.S. Reg. No. 4,586,071. As required by the United States Patent and Trademark Office, the registration disclaims exclusive rights to "SANTA MONICA" apart from the mark as a whole. A copy of the registration for LEYE's SUMMER HOUSE SANTA MONICA mark is attached hereto as Exhibit A. LEYE's SUMMER HOUSE SANTA MONICA trademark registration is now incontestable, and, pursuant to 15 U.S.C. § 1065, constitutes conclusive evidence of the validity of the trademark, of LEYE's ownership of the trademark, and of LEYE's exclusive right to use the SUMMER HOUSE SANTA MONICA trademark in commerce in connection with restaurant and bar services.

13. For many years, and prior to Defendant's unauthorized adoption and use of its confusingly similar mark, LEYE devoted significant time, effort, and resources to provide, market and promote its restaurant and bar services under and in connection with its SUMMER HOUSE

4

SANTA MONICA trademark, establishing both common law rights as well as rights under the Lanham Act.

14. LEYE promotes its SUMMER HOUSE SANTA MONICA restaurants and bars nationally through its websites located at www.lettuceentertainyou.com, www.leye.com, and www.summerhousesm.com. Actual and prospective patrons from across the country, including a substantial number from Ohio and from the Cleveland, Ohio area, have visited LEYE's websites. LEYE also promotes its SUMMER HOUSE SANTA MONICA restaurants and bars through well-known food-delivery platforms such as Doordash, Grubhub, Ubereats, and through its social media pages on Facebook, Twitter, and Instagram, all of which are accessible nationwide.

15. In addition, LEYE promotes its SUMMER HOUSE SANTA MONICA restaurants through its frequent diner program, which boasts over 340,000 members nationwide, with members in all 50 states, including members in Ohio, with many of those members residing in the Cleveland, Ohio area. All members receive email newsletters promoting LEYE's restaurants, including its SUMMER HOUSE SANTA MONICA restaurants.

16. LEYE also promotes and takes reservations for its SUMMER HOUSE SANTA MONICA restaurants and bars through the well-known, national reservation service at www.OpenTable.com. Patrons from across the country, including patrons from Ohio, and from Cleveland, Ohio in particular, have made reservations for LEYE restaurants, including its SUMMER HOUSE SANTA MONICA restaurants through this service.

17. LEYE also promotes its restaurants, including its SUMMER HOUSE SANTA MONICA restaurants and bars, by selling Gift Cards and e-Gift Cards through its websites and email newsletters, including a significant number of such Gift Cards and e-Gift Cards to residents of Ohio, and of Cleveland, Ohio in particular.

18. As a result of LEYE's use and extensive promotion of its SUMMER HOUSE SANTA MONICA trademark in connection with restaurant and bar services, and as shown in the following samples of reviews from www.Yelp.com, consumers from across the country, including from Cleveland, Ohio, have dined at LEYE's SUMMER HOUSE SANTA MONICA restaurant and have become familiar with LEYE and its SUMMER HOUSE SANTA MONICA trademark, especially the distinctive and memorable SUMMER HOUSE portion of the mark:







6



**Isabel M.**
New Albany, OH

📷 1 photo

**Summer House** is not only aesthetically beautiful but also delicious and BONUS: allergen safe! I ordered the shrimp gnocchi which came out with a little 'allergen' indication making me feel like the staff heard, understood, and cared about keeping me safe. Although it was lacking some flavor, I appreciate the effort and care. 9/10 for me



**Greg Q.**
Philadelphia, PA

📷 5 photos

Another perfect brunch at **Summer House**. This restaurant never fails to deliver. We have been frequenting it for several years now and when we get to Chicago we always return. The menu has changed very little over the years but why fix what isn't broken. The atmosphere is inviting and the service outstanding. Portions are very generous. We'll be back as long as they keep baking their Salted Oatmeal Scotchie cookies.

   

See all photos from Greg Q. for Summer House Santa Monica



**Sonjacharde M.**
Duluth, GA

⭐⭐⭐⭐⭐ 2/16/2019

I went here with my friend and our cumulative 6 children. After going to several restaurants in the area that had a 3 hour wait on Saturday night, **Summer House** was able to sit all 8 of us at the bar, including the kids, with no problem. I had a Rico Suave drink which had watermelon in it (yasssssss) and it was strong and flavorful. To eat, I had the lake trout with lemon butter mashed potatoes. The trout was grilled to perfection, had a nice Smokey flavor and was finished with a lemon caper sauce which was packed with salt and pickled flavor. I thoroughly enjoyed it. My friend got the chicken which was perfectly crispy on the outside and VERY juicy on the inside. It was a bite of heaven. We got a side of mashed potatoes which were creamy, smooth and the perfect salt amount and a side of French fries which were extremely crispy and fried to perfection. The kids mostly ate off the kids menu and they all cleaned their plates - which is a good sign for picky eaters. We also got the calamari which was fried crispy yet chewy and had good flavor. For dessert we had the chocolate cake with vanilla bean ice cream and the kids all got some sort of cookie. The cookies were HUGE and could definitely be shared with two people. The cake was decadent, rich and very chocolatey, it had big flakes of sea salt on top which complimented the sweetness from the cake and ice cream very nicely. The interior decor was very bright, modern and open with lots of flowers hanging from the ceiling - absolutely gorgeous. And, even though we sat at the bar they were very very VERY attentive to our needs. Which is rare when sitting at the bar. Especially with children. The bill was $214 for 5 full size entrees, 4 alcoholic drinks, 3 kids meals, and 5 desserts. Overall, I highly recommend!



**Allie C.**
Cleveland, OH

⭐⭐⭐⭐⭐ 3/17/2016

Great brunch/lunch stop in Lincoln Park.

You can grab coffee and sweets or sit down for a full meal.

Came in on a Friday afternoon for lunch, it was very busy however we managed to snag a table. The atmosphere was so open and airy I never would have guessed I was in Chicago in the middle of winter.

I tried the avocado toast, it was lovely with a great combination of flavors and textures! I'm very lucky I don't live close otherwise I would be here once a week for the avocado toast alone. My friend had the burger on a gluten free bun. They have a gluten free menu, just ask. She said it was great and the bun didn't break apart like most gluten free buns can do when they get moist. We split the burrata for an app, she got gluten free toast I got regular and it was very light and creamy.

Would definitely recommend **Summer House** to friends when they are in Chicago and shopping in the Lincoln Park neighborhood.




8

**Jane S.**
East Northport, NY
📷 1  ⭐ 18

⭐⭐⭐⭐ 12/28/2013

I am a frequent visitor to Chicago and I always like to try new restaurants when I'm here. Last night, I went to **Summer House** on recommendation from my daughter. What a treat! When you enter **Summer House** you are transformed to a place far from the blustery cold of Chitown. It is eternal summer in decor without being kitschy . There is a countdown to summer( only 180 more days) displayed on the far wall. A very cool vibe in general. I was informed, that the glass ceiling retracts in the summer to dine alfresco. We were greeted by our friendly waiter, Erik B. He explained the menu and drink specials. Don't pass up the exotic fruit punch made with Titos vodka . Now on to the food- there are small plate options along with traditional offerings. My daughter and I shared the Ahi Tuna Tostados upon recommendation from our waiter ,Erik. They were fantastic! The tuna was fresh, topped with chopped avacado,cilantro and fresh lemon juice. Then I had the grilled salmon and my daughter the steak fritte which was cooked to perfection. We also had the roasted cauliflower which had a nice kick to it. Not one to pass up dessert, we shared the cranberry apple crumble that was terrific. At the entrance to the restaurant, there is their bakery filled with oversized cookies and cookie bars. We took a few home for later consumption. They are not your grandmothers cookies! Chocolate chip with bacon or dotted with rice Krispy treats, oatmeal-apple cookies, etc.. Ambiance and service are first rate here. So, if you are in Chicago, eating at **Summer House** is a must!

📍 Useful 2    😊 Funny 1    😎 Cool 2

**Jacqueline H.**
New Albany, OH
📷 3  ⭐ 1

⭐⭐⭐⭐⭐ 6/30/2017   🔄 Updated review

Went to the **Summer House** for the first time, and I was not disappointed! The ambience is spectacular as well as the service; the ambience is trendy while still being casual. We had the ahi tuna tostadas for an appetizer and they were absolutely delicious! They were perfect bite size pieces that tasted fresh and also had a kick of a little spice; definitely would order them again as they were a winner for everyone around the table! For an entree, I had the ancho-marinated Amish chicken which was just as delicious. Overall, I would come to the **Summer House** again, no questions asked!

📍 Useful    😊 Funny    😎 Cool

⭐⭐⭐⭐⭐ 10-16-2016   Previous review

Went to the Summer House for the first time, and I was not disappointed! The ambience is spectacular as well as the service; the ambience is trendy while still being casual. We had the ahi...
Read more

9

19. LEYE's SUMMER HOUSE SANTA MONICA trademark, including the more salient SUMMER HOUSE portion of the trademark, has thus acquired distinctiveness signifying LEYE. LEYE has cultivated and now owns considerable and valuable goodwill in and symbolized by its SUMMER HOUSE SANTA MONICA mark, including the shortened version of the mark, SUMMER HOUSE. This consumer goodwill and recognition constitutes one of LEYE's most valuable assets and is crucial to the continued vitality of LEYE's business.

**Defendant's Infringement of LEYE's SUMMER HOUSE SANTA MONICA mark**

20. Long after LEYE registered and began using its SUMMER HOUSE SANTA MONICA trademark, LEYE learned that Defendant had recently opened a restaurant and bar under the name SUMMER HOUSE.

21. Much like LEYE's SUMMER HOUSE SANTA MONICA restaurant, Defendant advertises its SUMMER HOUSE restaurant as reminiscent of the warm, sunny and laid-back atmosphere of a summer house, and is outfitted with light blue, white, and light brown décor to create a bright, airy environment reminiscent of a summer house:

 

*Defendant's Summer House*  *LEYE's Summer House*

22. Like LEYE, Defendant also promotes its SUMMER HOUSE restaurant through its website (www.summerhousecle.com), through social media sites including Instagram

(www.instagram.com/summerhousecle) and Facebook (www.facebook.com/summerhousecle), and through local media outlets.

23. Like LEYE, Defendant promotes and takes reservations for its SUMMER HOUSE restaurant and bar through the well-known, national reservation service at www.OpenTable.com.

24. Defendant also displays the mark SUMMER HOUSE on signage at its restaurant in a font and style like LEYE's SUMMER HOUSE signage:

| SUMMER HOUSE<br>SANTA MONICA | SUMMER HOUSE |
|---|---|
| *LEYE's Summer House* | *Defendant's Summer House* |

25. Promptly upon learning of Defendant's adoption and use of SUMMER HOUSE in connection with its restaurant, LEYE sent a cease and desist letter to Defendant notifying Defendant of LEYE's prior use of, and superior existing rights in, the SUMMER HOUSE SANTA MONICA trademark for restaurant and bar services. LEYE further informed Defendant that its use of SUMMER HOUSE would be likely to lead consumers to mistakenly believe that LEYE had opened a SUMMER HOUSE in the Cleveland, Ohio area, or that Defendant's SUMMER HOUSE restaurant was affiliated or connected with, or sponsored or endorsed by, LEYE. Accordingly, LEYE informed Defendant that its use of SUMMER HOUSE would infringe LEYE's rights, and LEYE requested that Defendant cease its use of SUMMER HOUSE in connection with its restaurant and instead transition to a different name.

26. Throughout the latter half of 2020 and into 2021, LEYE continued to attempt to resolve this matter amicably though correspondence between the parties' counsel concerning LEYE's prior use of and existing rights in its SUMMER HOUSE SANTA MONICA mark, and its concern that Defendant's SUMMER HOUSE restaurant would lead consumers to incorrectly

11

believe that Defendant's SUMMER HOUSE was associated or connected with, or sponsored or endorsed by, LEYE, or that LEYE had opened a SUMMER HOUSE in the Cleveland, Ohio area

27. Despite LEYE's objections, Defendant rejected LEYE's requests that Defendant adopt a different name for its restaurant that was not reminiscent of LEYE's SUMMER HOUSE SANTA MONICA mark. As of this filing, Defendant continues to operate its SUMMER HOUSE restaurant, and promote its restaurant at least on its website, social media pages, and through local media outlets.

28. Pursuant to 15 U.S.C. §1072, Defendant had constructive knowledge of LEYE's federally registered SUMMER HOUSE SANTA MONICA trademark prior to Defendant's unauthorized use of its SUMMER HOUSE mark, which is confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA mark.

29. In addition, Defendant had actual knowledge of LEYE's SUMMER HOUSE SANTA MONICA restaurants and LEYE's ownership of its SUMMER HOUSE SANTA MONICA mark at least as early as September 2020, when LEYE, through its counsel, sent a letter to Defendant notifying Defendant of LEYE's federally-registered SUMMER HOUSE SANTA MONICA mark and rights.

30. Defendant's knowledge of LEYE's prior use of the SUMMER HOUSE SANTA MONICA trademark and its disregard of LEYE's intellectual property rights demonstrates Defendant's bad faith and intentional misconduct.

31. Defendant's unauthorized use of the SUMMER HOUSE trademark is likely to confuse consumers in that it will lead consumers to incorrectly believe that LEYE is the source of, has endorsed or approved, or is somehow legitimately associated with Defendant and its restaurant,

thereby injuring the goodwill LEYE has built in its SUMMER HOUSE SANTA MONICA trademark.

32. Given Defendant's use of a confusingly similar trademark in connection with services identical to those offered by LEYE under its federally-registered SUMMER HOUSE SANTA MONICA trademark, and in light of Defendant's refusal to accede to LEYE's repeated requests to cease use of the SUMMER HOUSE mark, LEYE has no choice but to protect its rights in its valuable SUMMER HOUSE SANTA MONICA trademark through initiation of this action. All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

33. LEYE realleges and incorporates herein paragraphs 1 through 32 of this Complaint.

34. Defendant had both actual and constructive knowledge of LEYE's ownership of and rights in its federally-registered SUMMER HOUSE SANTA MONICA trademark prior to Defendant's unauthorized use and continued use of the SUMMER HOUSE trademark for restaurant and bar services.

35. Defendant's aforesaid use of the SUMMER HOUSE trademark with restaurant and bar services is without LEYE's authorization or consent.

36. Defendant's unauthorized use of the SUMMER HOUSE trademark in connection with its promotion and provision of restaurant and bar services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its services with LEYE and its federally-registered SUMMER HOUSE SANTA MONICA mark in violation of 15 U.S.C. § 1114(1)(a).

37. Defendant's unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services provided in connection with its SUMMER HOUSE SANTA MONICA mark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

38. Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA trademark, Defendant is willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

39. As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm to its SUMMER HOUSE SANTA MONICA trademark, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

40. LEYE realleges and incorporates herein paragraphs 1 through 39 of this Complaint.

41. Defendant has willfully used the confusingly similar SUMMER HOUSE trademark likely to trade upon LEYE's hard-earned goodwill in its SUMMER HOUSE SANTA MONICA trademark and the reputation established by LEYE in connection with its restaurant and bar services, as well as to confuse consumers as to the origin and sponsorship of Defendant's restaurant and bar services.

42. Defendant's unauthorized and tortious conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its services under its SUMMER

HOUSE SANTA MONICA trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

43. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with LEYE, and as to the origin, sponsorship or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

44. As a result of Defendant's conduct, LEYE has suffered substantial damage and irreparable harm constituting an injury for which LEYE has no adequate remedy at law. LEYE will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

45. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection, or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA trademark, and as to the origin, sponsorship, or approval of Defendant and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III

**VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT, OHIO REV. CODE §§ 4165.01** *et seq.*

46. LEYE realleges and incorporates herein paragraphs 1 through 45 of this Complaint.

47. LEYE is the owner of valid rights in the trademarks SUMMER HOUSE SANTA MONICA and SUMMER HOUSE, which it has used continuously and in connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

48. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services

with LEYE and its SUMMER HOUSE SANTA MONICA trademark, and as to the source, sponsorship or approval of Defendant and its services in violation of Ohio Rev. Code § 4165.02.

49. Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

50. Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in deceptive trade practices in violation of Ohio Rev. Code §§ 4165.01 *et seq*.

51. As a result of the willful deceptive trade practices of Defendant, LEYE has suffered and is entitled to the recovery of damages and attorneys' fees pursuant to § 4165.03 of the Ohio Rev. Code.

52. As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT**

53. LEYE realleges and incorporates herein paragraphs 1 through 52 of this Complaint.

54. LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA and SUMMER HOUSE, which it has used continuously and in

connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

55. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA trademark, and as to the origin, sponsorship or approval of Defendant and its services in violation of Ohio common law.

56. Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

57. Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law trademark infringement in violation of Ohio common law.

58. As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

59. LEYE realleges and incorporates herein paragraphs 1 through 58 of this Complaint.

60. LEYE is the owner of valid common law rights in the trademarks SUMMER HOUSE SANTA MONICA and SUMMER HOUSE, which it has used continuously and in

connection with the marketing, offering and sale of its restaurant and bar services long prior to Defendant's adoption and first use of the confusingly similar SUMMER HOUSE mark.

61. Defendant's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's services with LEYE and its SUMMER HOUSE SANTA MONICA and SUMMER HOUSE trademarks, and as to the origin, sponsorship or approval of Defendant and its services in violation of Ohio common law.

62. Defendant's unauthorized conduct also has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant and bar services offered in connection with its SUMMER HOUSE SANTA MONICA trademark, placing the valuable reputation and goodwill of LEYE in the hands of Defendant, over whom LEYE has no control.

63. Because Defendant has actual notice of LEYE's prior use of and rights in its SUMMER HOUSE SANTA MONICA trademark yet Defendant continues to use the confusingly similar SUMMER HOUSE trademark, Defendant is willfully engaged in common law unfair competition in violation of Ohio common law.

64. As a result of Defendant's conduct, LEYE is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, LEYE will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, LEYE requests that this Court enter a judgment in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed LEYE's SUMMER HOUSE SANTA MONICA trademark and has engaged in trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125; deceptive trade practices under Ohio Rev. Code §§ 4165.01 *et seq.*; and

has committed acts of unfair competition and trademark infringement in violation of Ohio state statutory and common law;

B. Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with it from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or internet domain name that is comprised in whole or in part of the term SUMMER HOUSE, or any term confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA trademark; or

(2) doing any act or thing that is likely to induce the belief that Defendant's goods, services, or activities are in some way connected with LEYE's business, or that is likely to injure or damage LEYE's name, marks or business; and

C. Requiring that Defendant:

(1) reimburse LEYE for all damages they have suffered by reason of such acts, account for and pay over to LEYE all profits derived by reason of their acts of infringement, false designation of origin, and unfair competition;

(2) remit to LEYE exemplary or treble, damages as provided for in 15 U.S.C. § 1117 and at common law;

(3) deliver to LEYE's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the SUMMER HOUSE mark or any other marks confusingly similar to LEYE's SUMMER HOUSE SANTA MONICA

trademark and all means for making the same that are in Defendants' possession or control within ten (10) days of the entry of the Order;

(4) reimburse LEYE for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D. Awarding LEYE such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: June 10, 2021

/s/ *Anne E. Hurst*

Michael J. Garvin (OH Bar 0025394)
Anne E. Hurst (OH Bar 0098840)
VORYS, SATER, SEYMOUR & PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
mjgarvin@vorys.com
aehurst@vorys.com

Antony J. McShane (IL Bar 6190332) *pro hac vice to be filed*
Kara C. Smith (IL Bar 6327947) *pro hac vice to be filed*
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747
amcshane@nge.com
ksmith@nge.com

*Attorneys for Plaintiff, Lettuce Entertain You Enterprises, Inc.*